## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTIONS FOR** |
| ) | **RELEASE TO HOME CONFINEMENT** |
| vs. ) | |
| ) | Case No. 3:18-cr-2 |
| Carnelius Levon Williams, ) | |
| ) | |
| Defendant. ) | |

Before the Court are Defendant Carnelius Levon Williams's motions for release to home confinement filed on May 20, 2020. Doc. Nos. 23 and 24.[1] The Government responded in opposition to the motions on June 3, 2020. Doc. No. 26. Williams filed a reply on June 15, 2020. Doc. No. 28. Williams seeks to serve the remainder of his sentence on home confinement, relying in part on the threat posed by the COVID-19 pandemic. For the reasons below, the motions are denied.

**I.    BACKGROUND**

On January 8, 2018, an information was filed charging Williams with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 1. On August 29, 2018, Williams appeared before this Court[2] for a combined change of plea and sentencing hearing. Doc. No. 18. After Williams pleaded guilty pursuant to a plea agreement, the Court sentenced him to 57 months of imprisonment. Doc. No. 19.

The Bureau of Prisons ("BOP") placed Williams at FCI Butner Medium I. Now 36 years old, Williams has a projected release date of December 19, 2022. Williams claims to use an inhaler, suffer from Type 2 diabetes, and have a history of bronchitis issues since childhood.

---

[1] Williams filed two motions on the same day requesting the same relief.
[2] The Honorable Daniel L. Hovland, then Chief Judge of the United States District Court for the District of North Dakota, now Senior Judge of the United States District Court for the District of North Dakota.

## II.	DISCUSSION

Williams now moves the Court to direct the BOP to transfer him to home confinement, asserting that he is at high risk of serious illness or death if he is diagnosed with COVID-19. Notably, Williams explicitly states that he is not seeking a reduction in sentence pursuant to the compassionate release provision found in 18 U.S.C. § 3582(c)(1)(A):

> Title 18 United States Code, Section 3582(c) provides that a "Court may not modify a term of imprisonment once it has been imposed except" in very limited circumstances, and Mr. Williams is not asking the court to modify the sentence, he is asking the court to simply change the place of incarceration of the sentence per "Cares Act" a federal law.

Doc. No. 24, p. 3.[3] Therefore, the Court will construe Williams's motions as only asking for a transfer to home confinement to serve the remainder of his sentence.

The Court lacks jurisdiction to consider Williams's request for transfer to home confinement. See United States v. Brown, No. 12-cr-172(3) (SRN), 2020 U.S. Dist. LEXIS 69965, at *6 (D. Minn. Apr. 21, 2020). Williams's request is essentially for a change in the location of confinement rather than the length of confinement. Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP possesses the exclusive authority to determine the placement of prisoners. Id. at *5; see also United States v. Kluge, No. CR 17-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020). While the First Step Act expanded release opportunities for inmates, "it is BOP—not the courts—who decides whether home detention is appropriate" and Congress did not "mandate any particular home confinement decision."

---

[3] In his reply brief, Williams alternatively requests compassionate release for the first time. Given his unambiguous statement quoted above, his failure to raise compassionate release before his reply brief, and his failure to provide information about any attempts to meet § 3582(c)(1)(A)'s exhaustion requirement, the Court declines to consider any request for compassionate release at this time. If Williams desires to file a compassionate release motion with this Court after fulfilling § 3582(c)(1)(A)'s exhaustion requirement, he may do so. See 18 U.S.C. § 3582(c)(1)(A) (stating that the sentencing court may reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

Brown, 2020 U.S. Dist. LEXIS, at *5–6 (quoting United States v. Yates, No. 15-40063-01-DDC, 2019 WL 1779773, *4 (D. Kan. Apr. 23, 2019)).

Further, even if courts had the authority to determine the placement of prisoners, Williams likely filed his motions for transfer to home confinement in the wrong court.  Williams's motions are best construed as motions made pursuant to 28 U.S.C. § 2241 because he "seeks relief affecting how [his] sentence is executed, i.e., serving [his] sentence in home confinement as opposed to confinement in prison to which [he] was sentenced, and not a reduction or release from [his] sentence (i.e. a compassionate release)."  United States v. Taylor, No. CR 3:18-282, 2020 WL 2084974, at *5 (M.D. Pa. Apr. 30, 2020).  A defendant may only seek § 2241 relief in the district in which he is in custody.  Id. (citing United States v. Figueroa, 349 F. App'x 727, 730 (3d Cir. 2009)).  This Court has no jurisdiction over Williams's motions as he was not detained within this district at the time of filing.[4]

### III.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority.  For the reasons above, Williams's motions for transfer to home confinement (Doc. Nos. 23 and 24) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2020.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court

---

[4] FCI Butner Medium I is located within the Eastern District of North Carolina.